IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | )   Criminal Action No. 15-00160-KD |
| | ) |
| CORY CARROLL, | ) |
| | ) |
| **Defendant.** | ) |

## **ORDER**

This action is before the Court on the letter from Defendant Cory Carroll which the Court construes as a motion for early termination of supervised release (doc. 56) and the response filed by the United States (doc. 59). Upon consideration, and for the reasons set forth herein, the motion is DENIED.

Carroll was indicted for the offenses of possession with intent to distribute crack cocaine (Count One), possession with intent to distribute marijuana (Count Two), use, carry, and possession of a firearm in furtherance of a drug trafficking crime (Count Three), and possession of a firearm by a felon (Count Four) (doc. 1). Carroll pled guilty to Count Three. He was sentenced to a term of sixty months with five years of supervision to follow (doc. 49). His term of supervision commenced on November 29, 2019.

Carroll now moves the Court for early termination of supervision (doc. 56). As grounds, he states that he has maintained steady employment at a shipyard and owns his own detail and tire shop. Carroll states that if his supervision is terminated, he plans to work with FEMA as an assistant construction manager, which requires moving from state to state. Carroll also states that he has been compliant with "all Federal and State laws", accepted responsibility for his action, learned from his past mistakes, and is ready to make a better life for himself and his family.

Carroll's supervising Probation Officer confirmed his full-time employment and business ownership. However, his Probation Officer reports that Carroll tested positive for marijuana in March, April, and May of 2022, and he is now on a urine-surveillance program. (See also doc. 57, Report of Offender under Supervision) (sealed document).  His Probation Officer also reports that Carroll admitted an accidental consumption of marijuana in March but denied re-using marijuana. The United States opposes early termination based on Carroll's recent positive drug tests, his denial of drug use, and his false statement that he has complied with all Federal and State laws (doc. 59).

Pursuant to 18 U.S.C. § 3583(e)(1), after consideration of the relevant factors in 18 U.S.C. § 3553(a), the Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  18 U.S.C. § 3583(e)(1).  The Court has considered the "nature and circumstances of the offense" and Carroll's "history and characteristics", as well as the "need for the sentence imposed … to reflect the seriousness of the offense, to promote respect for the law, … to provide just punishment" …"to afford adequate deterrence to criminal conduct", and "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(1), (a)(2)(A)-(C).

The Court commends Carroll for maintaining steady employment and owning a business. However, his non-compliance with conditions of supervision and the relevant factors identified herein weigh in favor of denying his motion for early termination of supervision.  Accordingly, the Court is not satisfied that early termination is warranted at this time. 18 U.S.C. § 3583(e)(1).

**DONE** and **ORDERED** this the 25th day of July 2022.

                                                                **/s / Kristi K. DuBose**
                                                                 **KRISTI K. DuBOSE**
                                                                 **UNITED STATES DISTRICT JUDGE**